IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PERFORMANCE SOLUTIONS, LLC, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>RON JOHNSON ENGINEERING, INC., *et al.*,<br><br>    Defendants. | Case No. 20-cv-00498-DKW-RT<br><br>**ORDER (1) GRANTING MOTION TO STAY; AND (2) GRANTING MOTION FOR LEAVE TO FILE UNDER SEAL** |

Defendants move to stay this patent infringement, unfair competition, and tort case on the ground that the patents Plaintiffs contend have been infringed are presently being reexamined by the U.S. Patent and Trademark Office (USPTO). Plaintiffs oppose the stay request, arguing that reexamination will not simplify the issues in this case and a stay would be prejudicial. Upon considering the arguments and record presented, the Court finds that a stay is warranted. As more fully discussed below, the reexamination proceeding may simplify many, though certainly not all, of the issues in this case, which is still in its infancy. Therefore, with at least two of the three relevant factors weighing in its favor, the motion to stay is GRANTED.

# BACKGROUND

Plaintiffs Performance Solutions (Performance), LLC, 321 Holdings, and Halcyon Brand Services, Inc. (Halcyon) initiated this lawsuit on November 20, 2020 with the filing of a Complaint against Defendants Ron Johnson Engineering, Inc. (RJEI) and Ronald B. Johnson.  Dkt. No. 1.  In their Complaint, Plaintiffs allege that Defendants have infringed four patents held by Performance ("Plaintiffs Patents in-Suit").  Plaintiffs further seek a declaration that they have not infringed a patent held by RJEI and that the same patent is invalid.  Plaintiffs also allege that Defendants have engaged in various tortious and unfair business practices under federal and State law.

On January 8, 2021, Defendants filed separate Answers to the Complaint, and RJEI filed counterclaims against Plaintiffs.  Dkt. Nos. 19, 20, 20-1.  In its counterclaims, RJEI alleges that 321 Holdings and Halcyon have infringed two of its patents.  RJEI further seeks a declaration that Plaintiffs' Patents in-Suit are invalid.

On January 22, 2021, Defendants filed the instant motion to stay.  Dkt. No. 33.  Therein, in essence, Defendants argue that this case should be stayed in light of ex parte reexaminations that have been granted by the USPTO with respect to each of Plaintiffs' Patents in-Suit.  On March 12, 2021, Plaintiffs filed an

opposition to the motion to stay, Dkt. No. 44, as well as a motion to seal various documents related to the opposition, Dkt. No. 43.[1]  Defendants then replied, Dkt. No. 47, and with the motion to stay fully briefed, this Order now follows.

## LEGAL STANDARD

The parties agree on at least one thing: the legal standard the Court should apply in considering whether to stay litigation, pending USPTO ex parte reexamination.  That standard directs the Court to consider the following three factors: (1) whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.  *See, e.g.*, *Parallax Group Int'l, LLC v. Greatmats.com Corp.*, 2017 WL 3485789, at *1 (C.D. Cal. Mar. 23, 2017); *see also* Dkt. No. 33-1 at 10-11 (citing cases); Dkt. No. 44 at 9 (same).

## DISCUSSION

The first factor to consider is the stage of the litigation at which a stay is sought.  This factor favors a stay here because, under any measure, the requested

---

[1] With no objection to the motion to seal, the limited scope of the information for which sealing is sought, and the nature of the same, the Court GRANTS the motion to seal (Dkt. No. 43). Plaintiffs are ORDERED to file unredacted versions of their memorandum in opposition and the Declaration of Justin Lewis, as well as Exhibit A to the opposition, under seal.

stay was sought early in this case. Specifically, the stay was sought two months after the filing of the Complaint and prior to even a Rule 16 scheduling order being entered. The fact that a trial has now been set for the second half of 2022 is of little consequence. The Court, therefore, finds that this factor favors a stay.

The second factor to consider is whether a stay will aid in the simplification of issues in the case. This factor also favors, at least to some degree, a stay. As the Court views the case at this juncture, there are essentially two sets of patents at issue, one held by Plaintiffs and the other by Defendants. That is so whether or not the parties have designated a claim as a patent one or, as Plaintiffs have done in the Complaint, as one involving tortious or unfair behavior. *See* Dkt. No. 1 at ¶¶ 155, 164, 173 (alleging that Defendants engaged in unfair practices when they should have known that Plaintiffs' products did not infringe one of RJEI's patents). As for Plaintiffs' Patents in-Suit, the Court finds that the ex parte reexamination proceeding may directly aid in the simplification of issues related to the same. This is so because, as Defendants argue, in ex parte reexaminations, up to 79.3% of claims are either cancelled or amended. *See* Dkt. No. 47 at 4. The fact that only 12.7% of claims are cancelled and that estoppel does not apply to ex parte reexaminations, therefore, does not mean that issues will not be simplified when the Federal Circuit Court of Appeals has explained that, "[e]ven if the claim is

amended during reexamination to render the claim valid, *no suit can be maintained for the period prior to the validating amendment.*" *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1339 (Fed. Cir. 2013) (emphasis added).[2] As for Defendants' patents and the claims implicating them, while the ex parte reexamination proceeding may not speak directly to the same, the proceeding may, at least to some degree, influence the resolution of the same. Therefore, the Court finds that this factor favors a stay.

The third factor is whether a stay would prejudice Plaintiffs, the nonmoving party.[3] On the record before the Court, this factor is in equipoise. Plaintiffs argue that they will suffer prejudice because they are in "direct competition" with Defendants, Defendants are "destroy[ing] Plaintiffs' brand reputation," Defendants have engaged in unfair activities, and Defendants and a third-party are engaged in a "guerilla campaign" against Plaintiffs' products. Dkt. No. 44 at 18-23. The current record, however, does not necessarily reach as far as Plaintiffs contend. Notably, while Plaintiffs assert that they are direct competitors with Defendants,

---

[2] In that regard, the Court notes that, in granting reexamination, the USPTO decided to reexamine all of the claims of each of Plaintiffs' Patents in-Suit. *See* Dkt. Nos. 33-3 to 33-10. In addition, the USPTO is doing so in light of numerous prior art references. *See* Dkt. Nos. 33-7 to 33-10.
[3] As the Court construes Plaintiffs' opposition, Plaintiffs do not contend a stay will subject them to a "clear tactical disadvantage." *See generally* Dkt. No. 44 at 18-23 (arguing only that a stay will "prejudice" Plaintiffs). Therefore, the Court does not further address this issue.

Defendants contend otherwise. *See* Dkt. No. 47 at 12 (asserting that Defendants do not, *inter alia*, manufacture or sell massage roller products). Further, while Plaintiffs argue that their brand reputation is being destroyed, the evidence to which they cite concerns "Market Disruption[,]" not their reputation. *See* Dkt. No. 44 at 18 (citing Dkt. No. 44-7 at ¶¶ 17-20); Dkt. No. 44-7 at ¶ 17 (arguing that Plaintiffs "suffer competitive harm" through price disruptions due to Defendants' alleged conduct). As for Plaintiffs' argument concerning Defendants' unfair and "guerilla"-like activities, those matters are subjects of claims in this case. Put simply, just as Plaintiffs allege that Defendants are engaged in unfair practices, Defendants contend that RJEI is "enforcing its patent rights…." *See* Dkt. No. 47 at 14. The Court passes no judgment on either of those contentions but notes that the current record does not support a finding of prejudice to either side.

## CONCLUSION

With two of the three relevant factors favoring a stay, the motion to stay, Dkt. No. 33, is GRANTED. Except as provided below, all proceedings in this case are STAYED pending resolution of the four ex parte reexaminations referenced in the motion to stay. The parties are instructed to file joint status reports every six (6) months, apprising the Court of the status of the four ex parte reexaminations referenced above. Further, within seven (7) days of the four ex

parte reexaminations, in toto, being resolved, the parties shall file a final joint status report with respect to the same, the lifting of this stay, and their plans once the stay is lifted.

IT IS SO ORDERED.

Dated: April 2, 2021 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge